*412 The opinion of the Court was delivered by
Frost, J.
The Town Council of Columbia had granted to the relator a tavern or retail license under the 'Act of 1849. By the 5th sec. of an Ordinance passed in 1851, it is provided that “ if any person shall give, sell or deliver any spirituous liquors to a slave or free person of color, without express permission in writing from the owner, guardian or person having charge of such slave or free person of color, such person shall be fined not less than five, nor more than fifty dollars for each and every such offence; and shall also forfeit his license.” The relator being charged with offending against this Ordinance, was summoned before the Town Council, and upon examination and trial before the Council, he was convicted and his license adjudged to be forfeited. By the 6th sec. of the same Ordinance, it is provided, that “ Any person who shall sell or retail any spirituous liquors within the corporate limits of Columbia, in any quantity less than three gallons, without having first obtained a license so to do, shall forfeit and pay, for each and every such offence, not less than five, nor more than fifty dollars.” After the relator’s license was adjudged to be forfeited, he was charged with retailing without a license on the 14th, 15th, 17th, 18th and 19th days of September; and for these offences was fined $19 50, by the Town Council. Subsequently, the ■relator was charged with having retailed, without license, on the 21st, 22d, 23d, 24th and 25th days of September. For each and every of these offences, the relator was summoned to appear and answer before the Town Council; and being by them convicted of the several offences, he was sentenced to pay a fine of $19 50 for each offence, making an aggregate of $97 50. The prohibition was granted against the collection of the fines, amounting, in the aggregate to $97 50 ; and was refused as to the fine for $19 50. From this judgment both parties have appealed.
The two controlling questions presented by the appeal are, first, Has the Town Council legislative power to impose the penalty -of forfeiture for a violation of one of its by-laws ? and second *413 ly, Has the Town Council jurisdiction to adjudge the forfeiture-of a license 1 If, on either ground, the relator’s license was illegally forfeited, the prohibition must issue. If the relator’s license was not legally forfeited, then he did not retail without a license, and did not commit the several oifences for which he was fined.
By the Act of 1805, incorporating the Town of Columbia, theIntendant and Wardens are empowered to “ establish such bylaws as may tend to preserve the quiet, peace, safety and good order of the inhabitants thereof; and to fix and impose fines and penalties for the violation thereof; which may be recovered, in a summary way, by the Intendant and Wardens, or a majority of them“ provided the fines and penalties imposed do not exceed the sum of twelve dollars, for one and the same of-fence.” The second section of the A. A. 1819 repeals so much of the A. A. of 1805 as restrains the imposition “ of any greater fines by their by-laws than twelve dollarsand empowers the Intendant and Wardens to “ impose any fine or fines for the violation of any such rules, regulations or by-laws as they may think for the benefit and good government of the said town • provided no such fine shall, in any case, exceed the sum of fifty dollars.” It is further enacted by the fifth section, that “ when any fine, imposed by the said Intendant and Wardens, shall exceed twenty dollars, the same may be recovered in the Circuit Court for Richland District; and when such fines shall be under twenty dollars, they may be recovered before the Intend-ant and Wardens or any three of them.”
On the reading of these clauses of the Acts of Assembly, incorporating and amending the charter of the town of Columbia, it is too plain for argument, that, under the power which they confer, the Town Council can enforce obedience to their Ordinances only by fines, not exceeding fifty dollars. The Acts are either enabling or restraining Acts. If the Town Council derives from these Acts the power to punish, by penalties, of-fences against the by-laws, then, the nature and amount of the penalties which may be inflicted, are prescribed; and the Town *414 Council can impose no other or greater penalties. If the Acts are not enabling, then they are restraining Acts; and any incidental power, which, before these Acts, may have been claimed by the Town Council to enforce its by-laws, by fines and forfeitures of any kind, has by the Acts been abridged ; and the Town Council must conform their Ordinances to the restrictions imposed.
The power conferred by these Acts is exhausted when, by the 5th section of the Ordinance of 1851, any person who sells or gives liquor to a slave is made subject to a fine of not less than five, nor more than fifty dollars. And yet, by the same section, the offender’s license to retail is also declared to be forfeited. If the plain terms of the Act are to govern, it is obvious that such additional forfeiture violates the charter; because it increases the penalty for the offence beyond the highest limit of the fine authorized by the charter. When the license is obtained it is worth fifty dollars and much more ; otherwise it would not be purchased ; and its forfeiture, at any time, inflicts an indefinite, and it may be, a very real loss on the retailer.
If the Town Council cannot derive the power to impose the penalty of forfeiture from the charter, they will, in vain, seek for it in the common law, as an incidental power of municipal corporations. Kirk vs. Nowill, 1 T. R. 118, is a leading case on the subject. It was an action-of trespass for taking and carrying away a number of forks. The defendant pleaded in justification an Act of Parliament, which incorporated the company of Cutlers, and a provision in the same Act, that no person, making cutlery, should omit to put steel in the edges, on pain of ten shillings for every offence, and the wares, so deceitfully made, “ to be seized and recovered by the Master and W ardens of the said Company,” to be employed for the poor of the company ; and that the company had made a by-law, by which the “ searchers ” of the company should seize and break up any such deceitful wares and sell the material for the benefit of the company; and that the defendants being duly appointed searchers, and empowered by the said by-law, did seize and destroy *415 the forks in the declaration mentioned. Judgment was entered for the plaintiff. Lord Mansfield said, “ no such extraordinary power of making by-laws to incur a forfeiture appearing to have been conferred, it is impossible for the Court to say this by-law can be supported by the Act.” And Buller, J. — “ This by-law is bad, considered in every point of view. Taking it generally, as a by-law creating a forfeiture, the Act of Parliament not having given to the corporation power to make such a by-law, it is bad on that ground. The Act expressly negatives such a power; for the Act prescribes on what terms by-laws shall be enforced; namely by fine and amercement; therefore the corporation is precluded by the Act from inflicting any other kind of forfeiture.” In McRa vs. O’Cain, (MS ) cited in Kennedy vs. Sowden, (1 McM. 328,) a by-law of the Town Council of Camden, forfeiting any hog running at large, was adjudged to be void. It is unnecessary to multiply cases on this point when none to the contrary can be produced.
It has been argued that a distinction is to be made, between the forfeiture of a license and the forfeiture of goods and chattels. But a license is a thing of value. The oppression and hardship of a forfeiture does not depend on the nature, but the value of the thing forfeited. By this criterion, must the illegality of a forfeiture be adjudged. It may be better for the retailer to have his stock in trade forfeited than his license to retail.
It is also argued that the by-law does not create a forfeiture; but only regulates the retailing of spirituous liquors. It cannot be denied that the Town Council may lawfully adopt any regulations and impose any restraints on the retailing of spirituous liquors, which may be proper to prevent any nuisance or inconvenience. But the suppression of a trade is not a regulation. To be regulated, the trade must subsist. The Ordinance does not impose regulations or restraints on the relator’s trading, but prohibits it.
Cases have been cited of by-laws, not obligatory, which have been held to bind those who assent to them. These cases relate to corporations or joint stock companies, organized for some *416 enterprise of profit; in which to some extent and in some particular transactions, the stockholders may be treated as copartners. But there is a manifest distinction between such companies and legislative corporations, established as a part of the government of the country. Such corporations exercise a delegated power of legislation over a limited territory and a portion of the citizens; and may be controlled or abolished by the legislature. White vs. The City Council of Charleston, 2 Hill, 571. The relation of the Town Council to the corporators of Columbia is that of governors and governed; having no analogy to a copartnership. Besides, in the cases cited, the members were charged with the obligations of a by-law, as a contract founded on their express consent. There is no such evidence in this case, to charge the relator with the penalty of the 5th section, by contract.
But it is contended that even if the Town Council cannot inflict a forfeiture of anything else, they may forfeit a license to retail. The ground taken is, that the license is granted by the Town Council, on the condition of forfeiture for any violation of the 5th section; and that the relator must be held to have accepted it on that condition ; and so, for any breach of the condition, the Town Council may revoke the license. If the license were, in fact, obtained from the grant of the Town Council, there would be some force in that argument. But it is not so obtained. The authority which grants the license must have the power to prohibit the selling of spirituous liquors. The license originates in such prohibition. The Town Council cannot prohibit the retailing of spirituous liquors in the town of Columbia, any more than the retailing of dry goods or groceries. It is the legislature which has prohibited all persons, not having obtained a license, to sell spirituous liquors; and it is from the legislative authority that the license is derived. Acts of the legislature regulate the sales of such as may take out a license, the term and price of the license, and the conditions on which it may be granted. A special authority is delegated by the State to municipal corporations and the commissioners of roads *417 to grant licenses to persons who may apply for them, on their complying with the conditions prescribed. The Town Council cannot, any more than the commissioners of the roads, add to or alter the terms and conditions prescribed by the legislature. If there was any doubt on that subject, before, it has been removed by the Act of 1849. The 13th section enacts that, in the granting of licenses, “ every city or town corporate shall conform to the directions and be subject to the restrictions herein contained and provided for commissioners of roads in the several districts of the State.” It will not be affirmed that the commissioners of the roads can impose other conditions of forfeiture than such as the State has prescribed — nor can the Town Council. A license to retail spirituous liquors is a privilege granted by the State, on the payment of a valuable consideration to the State, by the grantee; for the price is paid to the State when it is paid to a town corporate or the commissioners of roads, by the order of the State. The Town Council cannot therefore forfeit it as a penalty, any more than other valuable eifects. If the Town Council can forfeit it for the offence of selling spirits to a slave, they may declare it forfeited for any other offence; and thus convert a license to retail into a recognizance of the retailer for the observance of all their by-laws.
There is another valid objection to the legality of the forfeiture of the relator’s license, from the want of jurisdiction of the Town Council to adjudge a forfeiture. By the charter their jurisdiction is expressly limited to the recovery of fines, not exceeding twenty dollars. In Zylstra vs. The Corp. of Charleston, 1 Bay, 383, Waties, J., says, “No power nor jurisdiction beyond what is expressly granted, can be claimed by a corporation, and for this, the authorities are too numerous to be cited.” In Pringle vs. Carter, 1 Hill, 55, Martin, J., says, “ When a tribunal, unknown to the common law, is established by statute, it is to be confined, strictly to the powers conferred.”
It is not necessary for the decision of this case, but it may be important to the Town Council, to notice the respondent’s ground of appeal. A majority of the Court are of opinion, that the pro *418 eeedings of the Town Council, when they imposed five fines on the relator for retailing on the 21st and subsequent days of September, were not irregular and illegal, because the fines were imposed at one sitting. Each act of retailing was a distinct offence, for each of which the relator was summoned to answer, and in each case a fine was imposed. The case of The State vs.- The Town Council of Moultrieville, does not conflict with this decision.
The motion to reverse the Circuit order, which' refused a prohibition against the fine for $19 50, is granted, and the respondent’s motion is dismissed.
Wabdlaw, WitheRS, Whitneb and Glover, JJ., concurred.
O’Neall, J. In this case, I do not concur; and adhere to my Circuit opinion.
Relator’s motion granted — Respondent’s dismissed.